UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

JAMES H. CONNORS,

        Plaintiff,

v.                                                Case No. 08-CV-893

ANDY MAKAR,

        Defendant.

———————————————————————————

## ORDER

On October 22, 2008, *pro se* plaintiff James H. Connors ("Connors") filed a complaint against Andy Makar ("Makar"), a deputy sheriff with the Walworth County Sheriff's Department. Liberally construed, Connors' complaint alleges Makar attempted to illegally seize Connors during a traffic stop, and that Makar used excessive force in doing so, all in violation of 42 U.S.C. §1983. After Makar filed an answer, the court ordered the parties to confer, pursuant to Fed.R.Civ.P. 26(f), and file a single joint written report along with a proposed scheduling order. (Order, December 16, 2008, Docket #8). On January 15, 2009, Makar's counsel filed a report that does not conform with the court's order. Because it now appears that the court lacks subject matter jurisdiction to hear this case, the court will dismiss Connors' complaint.

Although Makar has not moved to dismiss Connors' complaint, the court has an independent obligation to assure itself that subject matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)*; Hammes v. AAMCO*

*Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). If the court determines it lacks subject matter jurisdiction, the court must dismiss the case. *See* Fed.R.Civ.P. 12(h)(3). Here, the court lacks the power to grant the relief Connors seeks. Connors' complaint requests the following relief:

> I wish the Honorable Court to dismiss all allegations/charges against the Plaintiff for obstruction of a police officer. I wish the Honorable Court to order a thorough investigation of this matter, have the Defendant suspended without pay, and if the Plaintiff's allegations are sustained, to have the Defendant immediately and permanently removed from office, receiving an appropriate sanction under law.

(Complaint, ¶ C, Docket #1). According to the Wisconsin Circuit Court Access system, on August 6, 2008, Connors was charged in Walworth County Circuit Court with resisting or obstructing an officer. The state criminal case was not resolved when Connors filed the case currently before the court. Connors pleaded guilty to the charge on December 2, 2008, and was ordered to pay a $100.00 fine.

Under the *Rooker-Feldman* doctrine, a federal district court lacks the power to set aside a state court conviction outside of the context of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007). Connors' request that the court dismiss all allegations and charges against him would have the effect of setting aside his state court conviction.

The court also lacks the power to grant Connors' second claim of relief. Connors' request that the court order an investigation, and Makar's suspension or firing, could be construed as a request for a writ of mandamus. The court may only grant mandamus relief when a defendant owes the plaintiff a "clear nondiscretionary

-2-

Case 2:08-cv-00893-JPS   Filed 01/22/09   Page 2 of 3   Document 11

duty." See Heckler v. Ringer, 466 U.S. 602, 616-17 (1984) (citing 28 U.S.C. § 1361). A duty of a government agency to investigate and discipline a person is generally discretionary in nature. See e.g., Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982); Burton v. Battaglia, 1998 WL 460272 at *3, No. 98-C-3269 (N.D.Ill. 1998). However, the court need not reach the merits of Connors' mandamus claim. Even if Connors were entitled to mandamus relief, Makar is the only named defendant and the court is not in a position to order that Makar investigate, suspend or fire himself. Because Connors has not named any defendant with authority to act on Connors' requested relief, the court cannot redress Connors' grievances by a favorable decision. As a result, Connors' complaint has not met the minimum constitutional standing requirements. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Accordingly,

**IT IS ORDERED** that plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice;

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge